IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| KIRK STEVEN JACKSON #01916072 | § | |
| VS. | § | CIVIL ACTION NO. 6:23cv617 |
| E. BAR BARRICK | § | |

REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

Plaintiff Kirk Steven Jackson, an inmate of the Texas Department of Criminal Justice proceeding *pro se* and *in forma pauperis*, filed this civil rights lawsuit pursuant to 42 U.S.C. § 1983 alleging violations of his constitutional rights. The case was referred to the undersigned for findings of fact, conclusions of law, and recommendations for the disposition of the case.

**I. Plaintiff's Allegations**

Plaintiff alleges that Defendant Barrick, a technician/representative employed by Securus Technologies and assigned to the Coffield Unit of the TDCJ, confiscated and refused to replace Plaintiff's malfunctioning tablet without justification. (Dkt. #1.) Plaintiff alleges that he attempted to obtain repairs or replacement for his tablet by submitting multiple I-60 requests and grievances and that Barrick effectively black-listed Plaintiff in retaliation for his exercising his First Amendment rights. Plaintiff also alleges that Defendant violated his Fourteenth Amendment right to due process by depriving him of his tablet and that such deprivation constituted cruel and unusual punishment in violation of the Eighth Amendment.

Plaintiff seeks declaratory and injunctive relief as well as compensatory and punitive damages totaling $125,000.

**II. Legal Standards and Preliminary Screening**

Plaintiff is a prisoner seeking redress from an officer or employee of a governmental entity, so his complaint is subject to preliminary screening pursuant to 28 U.S.C. § 1915A. *See Martin v. Scott*, 156 F.3d 578, 579-80 (5th Cir. 1998) (per curiam). Plaintiff is proceeding *in forma pauperis*, so his complaint is also subject to screening under section 1915(e)(2). Both statutes provide for *sua sponte* dismissal of a complaint—or any portion thereof—if the Court finds it frivolous or malicious, if it fails to state a claim upon which relief can be granted, or if it seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous if it lacks an arguable basis in law or fact. *Samford v. Dretke*, 562 F.3d 674, 678 (5th Cir. 2009). The Fifth Circuit has held that a complaint lacks an arguable basis in fact when "the facts alleged are fantastic or delusional scenarios or the legal theory upon which a complaint relies is indisputably meritless." *Id*. (quoting *Harris v. Hegmann*, 198 F.3d 153, 156 (5th Cir. 1999) (internal quotation marks omitted)). In other words, during the initial screening under section 1915A, a court may determine that a prisoner's complaint is frivolous if it rests upon delusional scenarios or baseless facts—and dismiss the complaint. *See Henry v. Kerr County, Texas*, 2016 WL 2344231 *3 (W.D. Tex. May 2, 2016) ("A court may dismiss a claim as factually frivolous only if the facts alleged are clearly baseless, fanciful, fantastic, delusional, or otherwise rise to the level of the irrational or the wholly incredible, regardless of whether there are judicially noticeable facts available to contradict them.") (citing *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992)).

Moreover, a complaint fails to state a claim upon which relief may be granted where it does not allege sufficient facts which, taken as true, state a claim which is plausible on its face and thus does not raise a right to relief above the speculative level. *See Montoya v. FedEx Ground*

*Packaging Sys. Inc.*, 614 F.3d 145, 149 (5th Cir. 2010) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A claim has factual plausibility when the pleaded factual content allows the court to draw reasonable inferences that the defendant is liable for the misconduct alleged. *See Hershey v. Energy Transfer Partners, L.P.*, 610 F.3d 239, 245 (5th Cir. 2010); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). This plausibility standard is **not** akin to a probability standard; rather, the plausibility standard requires *more than the mere possibility* that the defendant has acted unlawfully. *Twombly*, 550 U.S. at 556 (emphasis supplied).

All well-pleaded facts are taken as true, but the district court need not accept as true conclusory allegations, unwarranted factual inferences, or legal conclusions. *See Whatley v. Coffin*, 496 F. App'x 414 (5th Cir. 2012) (unpublished) (citing *Plotkin v. IP Axess Inc.*, 407 F.3d 690, 696 (5th Cir. 2005)). Crucially, while the federal pleading rules do not require "detailed factual allegations," the rule does "demand more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. A pleading offering "labels and conclusions" or a "formulaic recitation of the elements of a cause of action" will not suffice, nor does a complaint which provides only naked assertions that are devoid of further factual enhancement. *Id.*

A federal court has an independent duty, at any level of the proceedings, to determine whether it properly has subject matter jurisdiction over a case. *Ruhgras AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999) ("[S]ubject-matter delineations must be policed by the courts on their own initiative even at the highest level."); *McDonal v. Abbott Labs.*, 408 F.3d 177, 182 n.5 (5th Cir. 2005) ("federal court may raise subject matter jurisdiction *sua sponte"*).

**III. Discussion and Analysis**

Plaintiff's lawsuit fails for at least one threshhold reason: the Defendant is simply not subject to suit under Section 1983. To state a civil rights claim under Section 1983, a plaintiff must allege facts showing that he has been deprived of a right secured by the Constitution or laws of the United States, and that the deprivation was caused by someone acting under color of state law. *Baker v. McCollan,* 443 U.S. 137 (1979). The requirement to show the defendant violated his rights while acting under color of state law means the defendant must be a state actor. *Moody v. Farrell*, 868 F.3d 348, 351 (5th Cir. 2017); *Whitley v. Hanna*, 726 F.3d 631, 638 (5th Cir. 2013). Private individuals are not state actors subject to suit under Section 1983 unless their conduct is "fairly attributable to the state." *Moody*, 868 F.3d at 352; *see also Filarsky v. Delia*, 566 U.S. 377, 383 (2012) ("Section 1983 provide a cause of action against any person who deprives an individual of federally guaranteed rights 'under color' of state law. 42 U.S.C. § 1983. Anyone whose conduct is 'fairly attributable to the State' can be sued as a state actor under § 1983."). To establish fair attribution to the State,

> [T]he plaintiff must show (1) that the deprivation was caused by the exercise of some right or privilege created by the state or by a rule of conduct imposed by the state, or by a person for whom the state is responsible, and (2) that the party charged with the deprivation may fairly be said to be a state actor.

*Moody*, 868 F.3d at 352 (citing *Priester v. Lowndes Cnty.*, 354 F.3d 414, 432 (5th Cir. 2004)). Finally, "[d]eciding whether a deprivation of a protected right is fairly attributable to the State begins by identifying the specific conduct of which the plaintiff complains." *Cornish v. Corr. Servs. Corp.*, 402 F.3d 545, 550 (5th Cir. 2005) (internal quotations and citation omitted).

The Fifth Circuit has summarized the different tests under which a private party can be deemed to have acted under color of state law:

> According to the public function test, a private entity acts under color of state law

4

> when the entity performs a function which is "exclusively reserved to the state." *Flagg Bros.*, 436 U.S. at 157–58 (internal quotations omitted); *Wong v. Stripling*, 881 F.2d 200, 202 (5th Cir. 1989). The state compulsion (or coercion) test holds the state responsible "for a private decision only when [the state] has exercised coercive power or has provided such significant encouragement, either overt or covert, that the choice must in law be deemed to be that of the State." *Blum v. Yaretsky*, 457 U.S. 991, 1004 (1982) (internal quotations omitted). Similarly, the nexus or state action test finds state action where the state has "so far insinuated itself into a position of interdependence with the [private actor] that it was a joint participant in the enterprise." *Jackson v. Metropolitan Edison Co.*, 419 U.S. 345, 357–58 (1974); *see also Lugar*, 457 U.S. at 941–42 (1982).

*Richard v. Hoechst Celanese Chem. Grp., Inc.*, 355 F.3d 345, 352 (5th Cir. 2003).

But a private person is not a state actor under 42 U.S.C. § 1983. *See*, *e.g.*, *Polk Cty. v. Dodson*, 454 U.S. 312, 318 (1981) ("[T]he Courts of Appeals are agreed that a lawyer representing a client is not, by virtue of being an officer of the court, a state actor 'under color of state law' within the meaning of § 1983.") Plaintiff acknowledges that Securus is a private entity, but he suggests that it is nonetheless a state actor by virtue of its contract with the government to provide services to inmates, which he characterizes as "a function traditionally within exclusive prerogative of state." (Dkt. #1 at 2–3.) Plaintiff is incorrect. The services provided by Securus—enabling communication, information-sharing, and entertainment through electronic devices—is not traditionally an exclusive governmental function. And the fact that these services are provided to inmates pursuant to a contract with the government does not convert that private function to a public one. *Rendell-Baker v. Kohn*, 457 U.S. 830, 841 (1982) ("Acts of such private contractors do not become acts of the government by reason of their significant or even total engagement in performing public contracts.")

Another division of this Court has previously addressed the question of whether Securus Technologies and its employees were state actors in the context of their provision of telephone services to prisoners and held that they were not:

5

> The fact that Securus has contracted with the Texas Department of Criminal Justice to provide telephone services to prisoners does not make Securus or any of its employees state actors, and Streater has shown no other basis upon which Securus can be held liable in a civil rights lawsuit under 42 U.S.C. § 1983. He has not presented any evidence of joint or concerted action nor shown that state law or custom required the placement of a restriction after the filing of a grievance. Consequently, neither Securus nor its employees are amenable to suit under 42 U.S.C. § 1983.

*Streater v. Thaler*, No. 9:11CV68, 2012 WL 3308109, at *14 (E.D. Tex. July 2, 2012), *report and recommendation adopted*, No. 9:11CV68, 2012 WL 3308105 (E.D. Tex. Aug. 13, 2012). Other courts have held the same. *See Keaghey v. Securus Techs. & T-Netix Inc.*, No. CV 19-12899, 2020 WL 5413581, at *2 (E.D. La. Aug. 7, 2020), *report and recommendation adopted*, No. CV 19-12899, 2020 WL 5411735 (E.D. La. Sept. 9, 2020) (holding that Securus Technologies and others "are not state actors subject to liability under § 1983"); *Sims v. SecurusTech.net Connection*, No. 13-CV-5190 SJF GRB, 2014 WL 1383084, at *5 (E.D.N.Y. Apr. 8, 2014) ("Its public contract with the Suffolk Jail does not render SecurusTech.net a 'state actor' or to be 'acting under color of state law' for purposes of Section 1983."). For the same reasons, Defendant Barrick is not subject to suit in this case.

For the reasons set forth above, Plaintiff's complaint fails to state a claim for which relief can be granted under Section 1983. Traditionally, district courts permit a *pro se* plaintiff an opportunity to amend his complaint or claim before dismissing the case. However, giving a plaintiff an opportunity to amend is not necessary if he has pleaded his "best case," such that an amended claim would remain frivolous. *See Norman v. Tex. Court of Criminal Appeals*, 582 F. App'x 430, 431 (Mem) (5th Cir. 2014) (unpublished); *Brewster v. Dretke*, 587 F.3d 764, 767-68 (5th Cir. 2009). There is no plausible amendment to Plaintiff's complaint that would render a Securus employee a state actor, and judicial economy dictates against inviting a futile amendment in this case.

## RECOMMENDATION

Accordingly, the undersigned recommends that Plaintiff's complaint be dismissed with prejudice pursuant to 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(b).

Within fourteen (14) days after receipt of the Magistrate Judge's Report, any party may serve and file written objections to the findings and recommendations contained in the Report.

A party's failure to file written objections to the findings, conclusions and recommendations contained in this Report within fourteen days after being served with a copy shall bar that party from *de novo* review by the district judge of those findings, conclusions and recommendations and, except on grounds of plain error, from appellate review of unobjected-to factual findings and legal conclusions accepted and adopted by the district court. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*).

**So ORDERED and SIGNED this 26th day of February, 2024.**

JOHN D. LOVE
UNITED STATES MAGISTRATE JUDGE