IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| KIRK STEVEN JACKSON, #01916072,  Plaintiff,  v.  E. BAR BARRICK,  Defendant. | § § § § § § § § § § § § § Case No. 6:23-cv-617-JDK-JDL |

### ORDER ADOPTING REPORT AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE

Plaintiff Kirk Steven Jackson, a Texas Department of Criminal Justice inmate proceeding pro se, brings this civil rights lawsuit under 42 U.S.C. § 1983. The case was referred to United States Magistrate Judge John D. Love pursuant to 28 U.S.C. § 636.

On February 26, 2024, Judge Love issued a Report and Recommendation recommending that the Court dismiss this case with prejudice for failure to state a claim upon which relief can be granted pursuant to 28 U.S.C. §§ 1915A(b) and 1915(e)(2). Docket No. 12. Plaintiff objected. Docket No. 15.

Where a party timely objects to the Report and Recommendation, the Court reviews the objected-to findings and conclusions of the Magistrate Judge de novo. 28 U.S.C. § 636(b)(1). In conducting a de novo review, the Court examines the entire record and makes an independent assessment under the law. *Douglass v. United Servs. Auto. Ass'n,* 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*), *superseded on other*

1

*grounds by statute*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

Judge Love recommended dismissal because Defendant, an employee of the private corporation Securus Technologies, was not acting "under color of state law" as required to establish a claim for relief under 42 U.S.C. § 1983. Docket No. 12 at 4–6. Plaintiff attempts to persuade the Court that Securus—and by extension its employee—is a state actor by reiterating that "Securus Technologies and the TDCJ are in a contractual agreement." Docket No. 15 at 4. From that fact, he extrapolates that all Securus actions are "known, accepted, approved, and authorized" by TDCJ. *Id.* at 5. But Plaintiff has not alleged any facts establishing that any TDCJ officer or official was involved in allegedly depriving him of an electronic tablet. And, as Judge Love correctly explained, the existence of a contract for services alone does not make a private company a state actor. Docket No. 12 at 5.

Plaintiff also attempts to establish that Securus performs a governmental function because its service is related to his fundamental right to send and receive mail. Docket No. 15 at 5–6. But Securus, by providing the technology to support a particular means of communication, does not take over responsibility for prisoners' exercise of their First Amendment rights. In this regard, providing a means of electronic communication is no different than providing a means of telephonic communication, which this and other courts have repeatedly held does not make the provider a state actor. *See Streater v. Thaler*, 2012 WL 3308109, at *14 (E.D. Tex. July 2, 2012); *Keaghey v. Securus Techs. & T-Netix Inc.*, 2020 WL 5413581, at *2 (E.D.

2

La. Aug. 7, 2020) (holding that Securus Technologies and others "are not state actors subject to liability under § 1983"); *Sims v. SecurusTech.net Connection*, 2014 WL 1383084, at *5 (E.D.N.Y. Apr. 8, 2014) ("Its public contract with the Suffolk Jail does not render SecurusTech.net a 'state actor' or to be 'acting under color of state law' for purposes of Section 1983.").

Plaintiff objects to the Report's reliance on those cases, arguing that "each case is ultimately based on its own facts." Docket No. 15 at 7. But he does not establish any materially distinguishable facts about his case that justifies a different result here.

Plaintiff also complains that for some period of time he was "left without the ability to send any messages to his family and friends, receive any messages or incoming from family or friends, or make any phone calls." Docket No. 15 at 6. But he alleges that this deprivation took place while his tablet was malfunctioning during a temporary lockdown. *Id.* He does not allege that this was a permanent or longstanding deprivation or that it was the result of any intentional or deliberately indifferent conduct by Defendant or anyone else to violate his First Amendment rights. A delay in a prisoner's mail, without more, does not violate his constitutional rights. *Jones v. Lumpkin*, 2023 WL 4275476, at *9 (S.D. Tex. June 29, 2023) ("[A]n allegation that a prisoner's mail was delayed, without more, is insufficient to show a violation of the First Amendment."). Moreover, even if Plaintiff's allegations sufficiently raised a constitutional claim, that deprivation would not be attributable

to a Securus employee with no control over anything other than the provision and operation of an electronic tablet.

Having conducted a de novo review of the record in this case and the Magistrate Judge's Report, the Court has determined that the Report of the Magistrate Judge is correct, and Plaintiff's objections are without merit. Accordingly, the Court hereby **ADOPTS** the Report of the Magistrate Judge (Docket No. 12) as the opinion of the District Court. Plaintiff's claims are **DISMISSED** with prejudice pursuant to 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B).

So **ORDERED** and **SIGNED** this **22nd** day of **March, 2024.**

_____
JEREMY D. KERNODLE
UNITED STATES DISTRICT JUDGE